UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 3:15 CR 149 (AWT) |
| | : | |
| V. | : | |
| | : | |
| ERIC BERGENN, | : | February 1, 2019 |

**DEFENDANT'S SENTENCING MEMORANDUM, MOTION
FOR "SAFETY VALVE" CONSIDERATION AND MOTION
FOR A DOWNWARD DEPARTURE OR NON-GUIDELINES SENTENCE**

**PRELIMINARY STATEMENT**

The defendant ERIC BERGENN, through his attorney, submits this memorandum in order to place before the Court factors relevant to his sentencing, currently scheduled for February 12, 2019. As the Court is aware, Mr. Bergenn is to be sentenced pursuant to his pleas of guilty to Conspiracy to Distribute and to Possess with intent to Distribute Marijuana, and Conspiracy to Commit Money Laundering.

This memorandum is submitted to the Court in support of the defense request that the most lenient sentence possible, consistent with 18 USC § 3553(a), be imposed. In addition, defendant respectfully moves for "safety valve" consideration pursuant to USSG § 5C1.2(a) and USSG § 2D1.1(b)(9).

Finally, defendant moves for a downward departure from the sentencing guidelines or for a non-guidelines sentence pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005) and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).

1

**MOTION FOR "SAFETY VALVE"**

Defendant respectfully submits that he has met the five (5) enumerated conditions which would warrant the application of "safety valve" relief.[1] Pursuant to a discussion undersigned counsel had with Assistant U.S. Attorney Geoffrey Stone, defendant believes that the government does not contest his eligibility for "safety valve" relief in this case.

The defendant therefore respectfully requests that the Court find that he has met the conditions set forth in USSG § 5C1.2(a).

**GUIDELINE OFFENSE LEVEL**

The defendant has read the Presentence Report ("PSR") prepared by the Probation Department. Defendant has no objections to the PSR. Defendant agrees that his total offense level is 19 and his guideline range is 30-37 months. If the Court determines that Mr. Bergenn warrants safety valve relief, his total offense level would be 17 with a guideline range of 24 to 30 months.

---

[1] **§5C1.2. Limitation on Applicability of Statutory Minimum Sentences in Certain Cases**
(a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C.§ 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:
(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21U.S.C. § 848; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

The "Parsimony" Provision

While *United States v. Booker*, 125 S. Ct. 738 (2005) rendered the guidelines advisory, the provisions of 18 USC §3553(a) are by their plain language mandatory. "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph of this subsection." 18 USC §3553(a) (emphasis added).

Nature and Circumstances of the Offense - 18 USC §3553(a)(1)

Defendant acknowledges the serious nature of his criminal conduct in this case. After a long military career and years of working for the State of Connecticut Department of Developmental Services, he made a horrible decision to become involved in the criminal activity that led to the charges he pleaded guilty to.

History and Characteristics of the Defendant - 18 USC §3553(a)(1)

While the mandatory guideline regime severely limited or prohibited the Court from considering all information concerning the background of a defendant, subsection (1) of 18 USC §3553(a) mandates that the Court shall consider the "history and characteristics of the defendant[.]"

Pursuant to 18 USC § 3661, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Eric Bergenn is sixty-four (64) years old. This case represents his first and only criminal conviction. As noted in detail in paragraphs 80-87 the PSR, Mr. Bergenn documents 26 years of military service, first in active duty with the U.S. Navy, then in the Navy Reserves. Subsequently he joined the National Guard. He served with pride and

distinction and received numerous certificates and citations for his work in the service. He attended college during his time in the military and received a Bachelor's Degree from East Connecticut State University in 1988. PSR ¶79. Mr. Bergenn received an Honorable Discharge in 2003 and retired at the rank of Staff Sergeant.

Mr. Bergenn began working for the Connecticut Department of Developmental Services [previously named Department of Mental Retardation] in 1984 and worked there for 30 years. PSR ¶79. For a number of years he worked and served in the National Guard simultaneously.

Eric Bergenn is divorced with two adult children. He was engaged to be married again, however his fiancé died in 2010. He currently lives alone in a small mobile home in Windham, Connecticut.

While Mr. Bergenn has no history of alcohol or illegal drug use he clearly has a serious gambling addiction. In paperwork from Foxwoods Casino provided to the Probation Office, it is noted that between 2012 and 2018 Eric Bergenn lost $580,665 at the casino, primarily in slot machines. He has begun to address his addiction through counseling and he entered into a voluntary exclusion agreement with Foxwoods in September 2018.

Eric Bergenn suffers from a number of medical problems as documented in paragraphs 60-71 of the PSR. Defendant has provided Probation with updated information regarding his medical issues and treatment which have occurred subsequent to the preparation of the final PSR.

Defendant has suffered from a number of cardiac issues and has been diagnosed with chronic coronary artery disease. He has 5 stents in his heart. He most recently had an angioplasty this week and was told he does not require additional stents. However he

currently takes five prescription medications plus aspirin daily for his heart and high cholesterol. He suffers from hypertension (high blood pressure).

A CT scan of Mr. Bergenn's left shoulder in December 2018 revealed displaced intra-articular fractures on the anterior and inferior margin of the glenoid. On the same date, a CT scan of his thoracic spine revealed acute compression fractures of his T6, T8, T10 and T11 vertabrae. A bone scan was the basis for a diagnosis of osteoporosis in his left femur and neck in December 2018. In 2015 Mr. Bergenn "shattered" (fractured) his right heel and he indicates that it remains a permanent disability.

Mr. Bergenn had more than one occurrence of transient global amnesia which required hospitalization. He was violently assaulted twice in 2014 and received head injuries requiring surgical staples to heal. He suffered PTSD following the attacks. He also reports seizures and blackouts. He is currently seeing a psychiatrist for depression and anxiety.

Other medical conditions including kidney stones and broken fingers are noted in the PSR.

**MOTION FOR A DOWNWARD DEPARTURE OR NON-GUIDELINES SENTENCE**

We respectfully submit that under the circumstances, considering Mr. Bergenn's military history PSR ¶113, work history, physical condition PSR ¶114, and his age and lack of prior criminal behavior and custodial sentences PSR ¶117, a guideline sentence is not necessary to fulfil the statutory purposes of sentencing.

<u>MILITARY AND PUBLIC SERVICE</u>

Section 5H1.11 of the U.S. Sentencing Guidelines, a policy statement, provides *in part* that "[m]ilitary service may be relevant in determining whether a departure is warranted, if the military service, individually or in combination with other offender characteristics, is present to

an unusual degree and distinguishes the case from the typical cases covered by the guidelines." Defendant respectfully suggests that his 26 years of military service warrants a downward departure from the guideline range in this case. Alternatively, he submits that his service should be considered as a basis for below guidelines variance under 18 USC §3553(a)(5) pursuant to this policy statement.

As a medic Eric Bergenn provided extraordinary care to his fellow members of the service, such as the time he came upon an overturned vehicle and "rendered aid, assisted in extricating the victims of the accident, and triaged treatment of the injured until additional medical assistance arrived." PSR ¶83. He also taught others to learn skills so that they could provide care to others, as evidenced by his training 187 Marines in CPR. PSR ¶83.

The length of Mr. Bergenn's honorable service in the military – approximately 40% of his life – demonstrates a commitment to service to his country and it is respectfully submitted is "exceptional".

Mr. Bergenn's work history similarly demonstrates a commitment to public service. As a Connecticut State employee for the Department of Developmental Services, Mr. Bergenn provided service to individuals with developmental disabilities for thirty years. This service in conjunction with his military service warrants consideration for a sentence below the advisory guideline range here. USSG §5H1.11; U.S. v. Canova, 412 F.3d 331, 358-59 (2d Cir. 2005).

PHYSICAL CONDITION

Mr. Bergenn's medical issues referenced above, in the PSR, and in subsequent submissions to the Probation Office are significant and on-going. Defendant maintains a wall calendar to keep track of his medical appointments and there are very few weeks if any that he is not scheduled for medical examination and/or treatment. Section 5H1.4 of the U.S.

Sentencing Guidelines, a policy statement, provides *in part* that,

> "Physical condition … may be relevant in determining whether a departure is warranted, if the condition …, individually or in combination with other offender characteristics, is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines. An extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment."

Mr. Bergenn is not arguing that the Bureau of Prisons would be incapable of addressing his medical needs, however he nevertheless suggests his physical condition, marked by a myriad of significant medical issues and need for treatment weigh in favor of a variance from the guideline range.

DEFENDANT'S AGE

Eric Bergenn has no criminal history prior to this case. As previously noted, he is sixty-four (64) years old. Those two factors in combination make it statistically unlikely that he would recidivate.[2] A defendant's age "may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." USSG §5H1.1 (Policy Statement). Mr. Bergenn is not seeking a downward departure on the basis of his age. We do respectfully submit that his age is relevant in combination with other factors in determining whether a variance from the guidelines is appropriate in this case. His age in combination with his physical condition would make incarceration more difficult upon Mr. Bergenn than it would on others convicted with the same crimes. As referenced in §5H1.1, "a form of punishment such as home confinement might be equally efficient as and less costly than incarceration."

---

[2] "The Effects of Aging on Recidivism Among Federal Offenders", USSG December 2017, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf

7

<u>18 USC §3553(a)(2)</u>

Under 18 USC §3553(a)(2), the Court is required to consider the need for the sentence it imposes:

> "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . ."

It is respectfully submitted that under the circumstances of this case, a non-guidelines sentence (variance) of home confinement, in combination with probation supervision, and a community service requirement would adequately further the basic purposes of criminal punishment, and shall be "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of 18 USC §3553(a).

If the Court disagrees with defendant's argument that a non-incarceratory sentence would be adequate to address the statutory purposes of sentencing, he has several requests. By making these requests we are not in any way suggesting that a sentence of incarceration in necessary in this case.

**REQUEST FOR SELF-SURRENDER**

If this Court sentences Mr. Bergenn to a term of incarceration defendant respectfully requests that he be allowed to self-surrender. Mr. Bergenn has been at liberty since September 2015 and has appeared on all scheduled Court dates and for his Pre Sentence Interview with the Probation Department. Mr. Bergenn has complied with all of the terms of his release upon bond. As previously noted Mr. Bergenn has a number of medical issues and has appointments to see physicians to address health issues. He would utilize the additional time at liberty to receive treatment from his health care providers.

**RECOMMENDATIONS TO THE BUREAU OF PRISONS**

Should the Court deem a sentence of incarceration be warranted, defendant respectfully requests that this Honorable Court make specific recommendations to the Bureau of Prisons ("BOP") in its Judgment and Commitment. The defendant is fully aware that this Court cannot order the BOP to adopt its recommendations.

Defendant respectfully requests that he be recommended to serve his sentence in a BOP camp or minimum security facility based upon his offenses of conviction and lack of any criminal history or history of violence or threatening behavior. We respectfully ask the Court if it would recommend to the BOP that Mr. Bergenn be designated to the minimum security satellite camp at FMC Devens in Massachusetts so that he may have access to the medical facility there. Alternatively he requests that he be recommended to serve his sentence at the minimum security satellite camp at FMC Lexington or FMC Carswell, where he would also have access to the medical facilities. If the BOP determines that Mr. Bergenn must be in a low security facility, we ask that the Court recommend FMC Fort Worth, a low security federal medical center.

Defendant respectfully requests that this Court recommend to the BOP that he be allowed to serve the final six months of his sentence on "home confinement" instead of a halfway house as defendant would have access to his medical providers. If the BOP does not adopt this recommendation, defendant respectfully requests that he be released to a halfway house as early as is possible under the BOP regulations.

**CONCLUSION**

The defendant respectfully requests that the Court consider the above, in conjunction with other information submitted by the Government, the Probation Department and the

defendant, as well as any arguments made in Court on the date of sentencing in order that the most lenient sentence possible be imposed.

                THE DEFENDANT,
                ERIC BERGENN

               /s/   Peter J. Schaffer
               PETER J. SCHAFFER,
               Attorney at Law
               1127 High Ridge Road, #330
               Stamford, CT 06905-1203
              Tel. (203) 322-3031
               Fax. (203) 322-3036
               schaffer1law@aol.com
               Bar No. ct14606

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

               /s/   Peter J. Schaffer
               PETER J. SCHAFFER,
               Attorney at Law
               1127 High Ridge Road, #330
               Stamford, CT 06905-1203
               Tel. (203) 322-3031
               Fax. (203) 322-3036
               schaffer1law@aol.com
               Bar No. ct14606