# UNITED STATES DISTRICT COURT
## District of Connecticut

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | CASE NO.: 3:15-cr-00149-AWT |
| | USM NO: 23131-014 |
| ERIC BERGENN | |
| | _Geoffrey M. Stone_ |
| | Assistant United States Attorney |
| | _Peter J. Schaffer, Esq._ |
| | Defendant's Attorney |

**THE DEFENDANT:** pled guilty to Counts One and Two of the Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count(s)** |
|---|---|---|---|
| 21:846, 841(a)(1) and 841(b)(1)(D) | Conspiracy to Distribute and to Possess with Intent to Distribute Marijuana | August 30, 2014 | One |
| 18:1956(h) | Conspiracy to Engage in Money Laundering | August 30, 2014 | Two |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The court concluded that a "non-Guidelines sentence," as opposed to a "Guidelines sentence," see United States v. Crosby, 397 F.3d 103, 112 n.6 (2d Cir.2005), was appropriate in this case.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Bureau of Prisons for a period 18 months on Count One and 18 months on Count Two, to be served concurrently with credit for time served. The court imposed a non-Guidelines sentence so that it could balance the need to provide just punishment with mitigating factors related to the defendant's military and public service, physical condition and age.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a period of 2 years on Count One and 2 years on Count Two, to be served concurrently.

The Mandatory and Standard Conditions of Supervised Release as attached are imposed. In addition, the following Special Conditions are imposed:

1. The defendant must participate in a gambling addiction treatment program and follow the rules and regulations of that program. The probation officer will supervise his participation the program. The defendant must pay all or a portion of the costs associated with treatment based on his ability to pay as recommended by the probation officer and approved by the court.

2. The defendant must not engage in any form of gambling (including, but not limited to, lotteries, online wagering, and sports betting) and he must not enter any casino or other establishment where gambling is the primary purpose (e.g., horse race tracks, and off-track betting establishments.)

3. The defendant must participate in a program recommended by the Probation Office and approved by the court for mental health treatment. He must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise his participation in the program. The defendant must pay all or a portion of the costs associated with treatment based on his ability to pay as recommended by the probation officer and approved by the court.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments (as follows) or (as noted on the restitution order).

| | |
|---|---|
| **Special Assessment:** | $  200.00, due and payable immediately |
| **Fine:** | $ 2,500.00, due by March 28, 2019 |
| **Restitution:** | $     0.00 |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment, are paid.

**The following Counts have been dismissed as to this defendant only on motion of the United States: Counts 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 & 15.**

**The Preliminary Order of Forfeiture (ECF No. 180) relating to the real properties at 20635 Canal View Road, Corning, California and 15950 N. Mendocino Drive, Corning, California, and the real property described as approximately 160 acres of land identified by Tehama County, California Assessor's parcel number 001210321, located off of Vestal Road in Corning, California; and the bank accounts with Savings Institute Bank & Trust and Wells Fargo Bank, is made final and is imposed as part of the sentence in this case pursuant to Fed. R. Crim. P. 32.2(b)(4).**

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

The court recommends to the Bureau of Prisons that the defendant be designated to the minimum security satellite Camp at FMC Devens.

The defendant's request for self-surrender to the custody of the Bureau of Prisons is granted. The defendant shall self-surrender directly to the facility designated by the Bureau of Prisons on April 30, 2019, no later than 12:00 noon, under his own power and at his own expense. In the event the defendant does not receive designation by the Bureau of Prisons prior to the surrender date, the defendant must self-surrender as instructed by the United States Marshals Service on April 30, 2019, no later than 12:00 noon.

February 28, 2019

Date of Imposition of Sentence

/s/ Alvin W. Thompson
United States District Judge

Date:  March 1, 2019

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                                    Date

_____    _____
U.S. Probation Officer/Designated Witness    Date

CERTIFIED AS A TRUE COPY ON THIS DATE: _____

By: _____
    Deputy Clerk

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a _____, with a certified copy of this judgment.

_____
Brian Taylor
Acting United States Marshal

By
_____
Deputy Marshal